IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SLICK SLIDE LLC, | ) | Case Number: 22-cv-6406 |
| 4247 E. Casitas Del Rio, | ) | |
| Phoenix, Arizona 85050 | ) | Judge: |
| | ) | |
| Plaintiff, | ) | Magistrate Judge: |
| | ) | |
| v. | ) | |
| | ) | |
| ADVENTURE ATTRACTION | ) | |
| ASSOCIATES, INC. | ) | |
| 1365 Kenilwood Lane, | ) | |
| Riverwoods, Illinois 60015 | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Slick Slide LLC ("Slick Slide"), for its Complaint against Defendant, Adventure Attraction Associates, Inc. ("Defendant"), states and alleges the following:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement, in violation of the federal laws of the United States.

**THE PARTIES**

2. Plaintiff Slick Slide LLC has a place of business at 4247 E. Casitas Del Rio, Phoenix, Arizona 85050, and is a well-known provider of recreational slides.

3. Defendant Adventure Attraction Associates, Inc. has a place of business at

1

1365 Kenilwood Lane, Riverwoods, Illinois 60015, and is a provider or is attempting to become a provider of recreational slides.

## JURISDICTION AND VENUE

4. This action is for copyright infringement and arises under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq.).

5. Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue in this Court is based upon 28 U.S.C. § 1391(b) in that the Defendant resides in this judicial district and a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district, and under 28 U.S.C. § 1400(b) in that the Defendant resides in this judicial district and it is a judicial district where the Defendant has committed acts of copyright infringement and has a regular and established place of business.

## BACKGROUND FACTS

7. Slick Slide is a family-friendly business, providing entertainment for children and adults in the form of innovative and customized recreational slides. Slick Slide has provided its innovative and customized recreational slides throughout the United States.

8. Slick Slide incorporates unique technology and innovative designs in its products to provide a customized experience for its customers. Slick Slide's products are also customized to its customers' environment, including amusement parks and water parks. Slick Slide's product offerings include indoor and outdoor customized recreational slides.

9. The slide designs offered by Slick Slide are the original creation of

Slick Slide. By way of example only, Slick Slide's Launch Slide design is an original creation of Slick Slide, and provides for exhilarating speed combined with airtime, making the Launch Slide unique and sought after by customers.

10. Defendant is a competitor of Slick Slide and offers or is attempting to offer recreational slides to the public. Defendant competes with or its attempting to compete with Slick Slide by creating or attempting to create slide products.

11. William Visconti is an employee of Defendant. Mr. Visconti is an owner or part owner of Defendant.

12. Mr. Visconti obtained, without permission from Slick Slide, design information relating to Slick Slide's Launch Slide. Mr. Visconti placed or caused to be placed design information relating to Slick Slide's Launch Slide on a computer used for Defendant's business and within his and Defendant's possession or control.

13. The design information relating to Slick Slide's Launch Slide placed on Defendant's computer included at least artwork for Slick Slide's Launch Slide.

14. Mr. Visconti and Defendant have no rights to the design information relating to Slick Slide's Launch Slide. Mr. Visconti and Defendant have no rights to possess or use the design information relating to Slick Slide's Launch Slide.

15. The image attached hereto as Exhibit A was made publicly available by Mr. Visconti. The image depicts design information relating to Slick Slide's Launch Slide, including artwork for the Slick Slide Launch Slide, located on Defendant's computer.

16. Defendant has used design information relating to Slick Slide's Launch Slide, including artwork for the Slick Slide Launch Slide, for its business. Defendant used design information relating to Slick Slide's Launch Slide, including artwork for the Slick

Slide Launch Slide, in order to unlawfully compete with Slick Slide. In doing so, Defendant reproduced, distributed, displayed, copied, and/or derived Slick Slide's original and copyrightable subject matter.

## COUNT I

### Copyright Infringement

17. This cause of action arises under the copyright laws of the United States, Title 17 United States Code.

18. The allegations of 1-17 are incorporated by reference as if fully set forth herein.

19. Slick Slide is the owner of original work, including design information and artwork relating to the Slick Slide Launch Slide. Slick Slide used and uses this design information and artwork for the Slick Slide Launch Slide in connection with its business.

20. The Slick Slide Launch Slide design information and artwork used by Defendant in connection with its business is a reproduction, counterfeit, copy, and/or derivation of Slick Slide's original and copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

21. Slick Slide has duly complied with the provisions of the copyright laws of the United States and has secured rights and privileges in and to the design information and artwork described above relating to the Slick Slide Launch Slide. Slick Slide has a Certificate of Registration, duly issued from the Register of Copyrights, pertaining to said design information and artwork. (See Certificate of Registration, attached hereto as Exhibit B; see also Deposit Material, attached hereto as Exhibit C). At all times relevant hereto, Slick Slide has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et.

seq., and all amendments thereto) to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the design information and artwork that is the subject of the Certificate of Registration attached hereto as Exhibit B.

22. All of the acts of the Defendant as set forth in the preceding paragraphs are without permission, license, or consent of Slick Slide. These acts have and will cause serious and irreparable damage to Slick Slide for which Slick Slide is without adequate remedy at law.

WHEREFORE, Slick Slide prays:

A. That this Court enter a decree holding that Defendant has infringed Slick Slide's copyrights.

B. That Defendant be preliminarily and permanently enjoined and restrained from any use of Slick Slide's copyright materials, including but not limited to in connection with the provision of recreational slides, and from any other acts which will injure or be likely to injure Slick Slide.

C. That Defendant be ordered to deliver up for destruction all materials containing Slick Slide's original artwork, and to discontinue use of such materials.

D. That Defendant be ordered to file with this Court and serve on Slick Slide within thirty (30) days after entry of the final judgment of this cause a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the final judgment.

E. That Slick Slide be awarded all profits realized by Defendant, and all costs saved by Defendant, and all damages sustained by Slick Slide, by reason of Defendant's copyright infringement.

      F.      That this case be determined an exceptional, willful, and flagrant case, and that Slick Slide be awarded the cost of this action.

      G.      For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law

      H.      For all such other and further relief as the nature of the case may require and as may be deemed just and equitable.

## JURY DEMAND

Slick Slide hereby demands and requests trial by jury of all issues raised that are triable by jury.

Respectfully submitted,

Dated: November 16, 2022

/s/ Julianne M. Hartzell_____
Julianne M. Hartzell
jhartzell@marshallip.com
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.474.6625
T: +1.312.474.6300
F: +1.312.474.0448

Of Counsel:
Brett A. Schatz
bschatz@whe-law.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
Telephone: (513) 241-2324
Facsimile: (513) 421-7269
Attorneys for Plaintiff