UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SLICK SLIDE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>NIIBO LLC and WILLIAM VISCONTI,<br><br>    Defendants. | No. 22 C 6406<br><br>Judge Thomas M. Durkin |

MEMORANDUM OPINION AND ORDER

Slick Slide and former defendant Adventure Attraction Associates, Inc. ("AAA") were competitors in the market for recreational slides. Slick Slide alleged that AAA and its owner, Randal Lee, infringed a copyright in one of Slick Slide's slide designs. Slick Slide later amended it complaint to add claims for: (1) unfair competition and false advertising in violation of the Lanham Act; (2) commercial disparagement in violation of the Illinois Uniform Deceptive Trade Practices Act; (3) consumer fraud and deceptive business practices also in violation of the Illinois Uniform Deceptive Trade Practices Act; (4) common law commercial disparagement; and (5) unjust enrichment. *See* R. 27.

Slick Slide then amended its complaint a second time to add as defendants William Visconti, a former AAA employee, and Visconti's company, NIIBO LLC. *See* R. 44. NIIBO also competes in the recreational slide industry. *Id.*

AAA later declared bankruptcy and Slick Slide voluntarily dismissed it and Lee from the case. *See* R. 60. When AAA declared bankruptcy, NIIBO took some of its business. *See* R. 55-1 at 3 (¶ 14).

Visconti and NIIBO have both filed motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). NIIBO has moved to dismiss all the claims, whereas Visconti moved to dismiss all but the copyright claim. Both motions are denied.

## Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir.

2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Analysis

**I.     Waiver**

As an initial matter, both Visconti and NIIBO argue that the Court should find that Slick Slide has waived any opposition to dismissal of these claims because it initially failed to make any argument in opposition to Defendants' arguments under Rule 12(b)(6), instead only addressing Defendants' arguments that the claims should be dismissed for lack of personal jurisdiction. The Court denied the motion to dismiss for lack of personal jurisdiction and ordered Slick Slide to file additional briefs addressing the arguments regarding failure to state a claim.

Defendants' waiver argument amounts to a request for a default judgment, which is not favored in this Circuit. *See Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023) ("We view default judgments to be a weapon of last resort, appropriate only when a party willfully disregards pending litigation."). Moreover, even if the Court had granted the motion to dismiss, the Seventh Circuit has instructed district courts to provide plaintiffs with the opportunity to replead at least once after granting a motion to dismiss. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her

3

complaint."). Either way, it was appropriate for the Court to order additional briefing so it could address Slick Slide's arguments.

## II.  Particularity

Other than the copyright claim, all of Slick Slide's claims are based on its allegation that Defendants distributed an advertisement falsely disparaging Slick Slide's products and falsely promoting Defendants' products. Defendants argue that these claims sound in fraud and that they should be dismissed because Slick Slide has failed to plead them with particularity required by Federal Rule of Civil Procedure 9(b).

Rule 9(b) requires a plaintiff to plead the "who, what, when, where, and how" of a claim that sounds in fraud. *See Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Slick Slide has pleaded the "what, when, where, and how" with particularity by identifying the advertisement in question.

Defendants, however, argue that Slick Slide has failed to plead the "who" with particularity because Slick Slide attributes all of its allegations to "Defendants" as a group. Defendants argue that this pleading violates the Seventh Circuit's instruction that "when cases involve multiple defendants, the plaintiff who pleads fraud must reasonably notify the defendants of their purported role in the scheme." R. 64 at 9 (quoting *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)). But the cases Defendants cite involved multiple misrepresentations and multiple defendants, and the complaints in those cases failed to allege who said what by matching statements with defendants. Here, the only alleged misrepresentation

4

is the single page advertisement distributed by AAA. Slick Slide alleges that Visconti and Lee were jointly responsible for creating the advertisement, which benefited both companies, AAA and NIIBO. There is no confusion here as to who Slick Slide alleges said or did what. So, Slick Slide has alleged its claims with the particularity required by Rule 9(b).

### III. NIIBO's Liability

Lastly, NIIBO also argues that Slick Slide has failed to plausibly plead that it is Visconti's alter ego to establish its liability. But as the Court discussed in denying the personal jurisdiction motion, Visconti is plausibly NIIBO's agent such that his actions can be imputed to NIIBO. And because Visconti is also plausibly alleged to be NIIBO's employee, NIIBO would also plausibly have respondeat superior liability for Visconti's actions.

### Conclusion

Therefore, Defendants' motions to dismiss [55] [63] are denied.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: April 29, 2024